

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 3, 1976

The Honorable George N. Rodriguez, Jr.       Opinion No. H-789
County Attorney
El Paso County                                Re:  Whether a court-
Room 201, City-County Building                appointed attorney
El Paso, Texas  79901                         for an indigent
                                              defendant is entitled
                                              to compensation if
                                              he is not required
                                              to appear in court.

Dear Mr. Rodriguez:

    You have requested our opinion regarding whether a
court-appointed attorney for an indigent defendant is entitled
to compensation for his time from county funds under article
26.05, Texas Code of Criminal Procedure, if not required to
appear in court.

    Article 26.05 provides: .

> Section 1.  A counsel appointed to
> defend a person accused of a felony or
> a misdemeanor punishable by imprisonment,
> or to represent an indigent in a habeas
> corpus hearing, shall be paid from the
> general fund of the county in which the
> prosecution was instituted or habeas
> corpus hearing held, according to the
> following schedule:
>
> (a)  For each day or a fractional
> part thereof in court representing the
> accused, a reasonable fee to be set by
> the court but in no event to be less
> than $50;

        (b)  For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250;

        (c)  For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

        (d)  For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;

        (e)  For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

        (f)  For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500.

The statute does not provide expressly for the payment of attorney's fees at the trial court level when there is no court appearance. While Attorney General Opinion C-713 (1966), held that reimbursement is possible under article 26.05 for certain expenses incurred in preparation for a trial, even when the accused is not actually tried, it indicated that the appointed attorney would not receive a fee for his services if the case were dismissed.

The language of the statute itself supports this view. Subsections (a), (b) and (c) provide for payment of "a reasonable fee" based upon the appointed attorney's time in court. Subsections (e) and (f) provide for payment of a

"reasonable fee" in cases on appeal.  If the Legislature had intended to compensate the attorney for his non-courtroom time in cases in addition to those on appeal, it seemingly would have specifically so provided.

Furthermore, compensation for out-of-court time would have to be made, if at all, pursuant to subsection (d), as "expenses incurred."  "Expense" is defined as

> [t]hat which is expended, laid out or consumed; an outlay; charge; cost; price. Black's Law Dictionary 687 (4th ed. 1951).

We believe that subsection (d) is limited in its application to the reimbursement of expenses actually incurred by the attorney, and cannot be extended to compensate him for his out-of-court time.  Thus, it is our opinion that under present statutes a court-appointed attorney for an indigent at the trial court level is not entitled to compensation if he does not appear in court.

### S U M M A R Y

> Under present statutes, a court-appointed attorney for an indigent defendant at the trial court level may not be compensated under article 26.05, Texas Code of Criminal Procedure, if the attorney does not appear in court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb